IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 15-1517 |
| v. ) ) | COMPLAINT |
| KAY QSRS, INC., D/B/A SUBWAY ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to John Doe who was adversely affected by such practices.

As alleged with greater particularity in paragraphs (15-39) below, the Equal Employment Opportunity Commission ("the "Commission") alleges KAY QSRS, Inc. d/b/a Subway ("Subway" or "Defendant Employer") terminated John Doe ("Doe") because of his impairment, Human Immunodeficiency Virus, in violation of the ADA.

**JURISDICTION AND VENUE**

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Subway ("Defendant Employer"), an Indiana corporation, has continuously been and is now doing business in the State of Indiana and the City of Sheridan, and has continuously had more than 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), and Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this lawsuit, Doe filed a charge, 470-2015-01250, with the Commission alleging a violation of the ADA by Defendant Employer.

8. On July 30, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated in regard to Doe.

9. On August 10, 2015 Defendant Employer was invited to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practice and provide appropriate relief.

10. Between August 10, 2015 and September 17, 2015, the Commission engaged in communications with Defendant Employer to provide the opportunity to remedy the discriminatory practices described in the Letter of Determination referenced above in paragraph 8.

11. The Commission was unable to secure from Defendant Employer a conciliation agreement that was acceptable to the Commission.

12. On September 17, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

13. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

14. On or about January 14, 2015, Defendant Employer engaged in unlawful employment practices at its Sheridan, Indiana facility, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), by discharging Doe because of his disability.

15. Doe has Human Immunodeficiency Virus ("HIV"), a physical impairment that substantially limits him in having a functioning immune system.

16. On or about January 1, 2015, Doe was hired as a sandwich artist.

17. At all relevant times, Doe was a qualified individual within the meaning of the ADA and could perform all essential functions of his job as sandwich artist at Defendant Employer's Sheridan, Indiana facility.

18. On or about January 13, 2015, Doe notified his supervisor, Maria Manawat, that he was HIV positive.

19. In response to Doe's disclosure, Manawat responded, "what if you cut yourself" and "what about it if our customers find out."

20. Manawat advised Doe that she needed to talk to district manager Nick Kular.

21. On or about February 14, 2015, Manawat called Doe and advised him that Nick Kular felt that he (Doe) might be a liability to the company and that they were going to have to let him go.

22. The effect of the practices complained of in paragraphs 14 through 21 has been to deprive Doe of equal employment opportunities, and otherwise adversely affect his status as an employee because of disability.

23. The unlawful employment practices complained of in paragraphs 14 through 21 were intentional.

24. The unlawful employment practices complained of in paragraphs 14 through 21 were done with malice or with reckless indifference to the federally protected rights of Doe.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from any employment practice which discriminates on the basis of disability.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with

disabilities and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant Employer to make whole Doe by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order Defendant Employer to make whole Doe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

    E.    Order Defendant Employer to make whole Doe by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional distress, loss of enjoyment of life, loss of self-esteem, embarrassment, anxiety and inconvenience, in amounts to be determined at trial.

    F.    Order Defendant Employer to pay Doe punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*s/Laurie A. Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

*s/Michelle Eisele*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney

*s/Nancy Dean Edmonds*
NANCY DEAN EDMONDS
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN  46204
(317) 226-7229
Nancy.edmonds@eeoc.gov